1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  EDWARD TERRELL,

11          Plaintiff,                    No. 2:13-cv-0101 EFB P

12       vs.

13  CENTRAL CALIFORNIA APPELLATE
    PROGRAM, et al.,
14                                        ORDER AND
           Defendants.                    FINDINGS AND RECOMMENDATIONS
15  _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17  U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

18  forma pauperis.

19  **I.    Request to Proceed In Forma Pauperis**

20       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

21  Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

22  (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

23  collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24  § 1915(b)(1) and (2).

25  ////

26  ////

1

1  **II.     Screening Requirement and Standards**

2       Federal courts must engage in a preliminary screening of cases in which prisoners seek

3  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7  relief."  *Id.* § 1915A(b).

8       In order to avoid dismissal for failure to state a claim a complaint must contain more than

9  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

10  of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

11  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12  statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

13       Furthermore, a claim upon which the court can grant relief has facial plausibility.

14  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

15  content that allows the court to draw the reasonable inference that the defendant is liable for the

16  misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

17  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

18  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

19  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

20       A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

21  Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

22  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

23  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

24  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

25  ////

26  ////

2

1   **III.     Screening Order**

2          Plaintiff's complaint alleges that the Central California Appellate Program (CCAP) failed

3   to contact plaintiff's attorney about not accepting plaintiff's collect phone calls and about

4   missing a deadline imposed by the California Supreme Court.  Plaintiff filed this action on the

5   form complaint used for filing actions under 42 U.S.C. § 1983.  Dckt. No. 1.

6          In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation

7   of a federal constitutional or statutory right; and (2) that the violation was committed by a person

8   acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v.*

9   *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

10  rights claim unless the facts establish the defendant's personal involvement in the constitutional

11  deprivation or a causal connection between the defendant's wrongful conduct and the alleged

12  constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v.*

13  *Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

14         Here, plaintiff, fails to allege that defendant CCAP is a state actor or that it was otherwise

15  acting under color of law.  *See Sutton v. Providence St. Joseph Med. Ctr*., 192 F.3d 826, 835 (9th

16  Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person

17  who may fairly be said to be a governmental actor) (citation and quotations omitted).  Section

18  "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong."

19  *Id.*  (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and

20  internal quotation marks omitted).  Furthermore, plaintiff fails to allege a violation of a federal

21  constitutional or statutory right.  Any potential claims for legal malpractice do not come within

22  the jurisdiction of the federal courts.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

23         In light of the above, the complaint should be dismissed without leave to amend for

24  failure to state a claim upon which relief may be granted.  *See Gardner v. Martino*, 563 F.3d 981,

25  990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a

26  pro se complaint without leave to amend is proper only if it is absolutely clear that the

1  deficiencies of the complaint could not be cured by amendment." (internal quotation marks

2  omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should

3  grant leave to amend even if no request to amend the pleading was made, unless it determines

4  that the pleading could not be cured by the allegation of other facts.").

5      Accordingly, IT IS HEREBY ORDERED that:

6      1. Plaintiff's request to proceed *in forma pauperis* is granted.

7      2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

8  accordance with the notice to the California Department of Corrections and Rehabilitation filed

9  concurrently herewith.

10     3. The Clerk is directed to randomly assign a United States District Judge to this case.

11     Further, IT IS HEREBY RECOMMENDED that the complaint be dismissed without

12  leave to amend for failure to state a claim upon which relief may be granted, and the Clerk be

13  directed to close this case.

14     These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

19  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

20  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

21  DATED:  February 5, 2013.

22

23                  EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE
24

25

26